
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Respondent,<br><br>-vs-<br><br>SERGIO MANUEL CISNEROS,<br><br>                Movant. | NOS. CR-03-2193-WFN-1<br>       CV-07-3043-WFN<br><br>ORDER |

      Before the Court is Mr. Cisneros' 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. The Court held an evidentiary hearing on April 16, 2008. Mr. Cisneros, who is in custody, was present, represented by George Trejo and assisted by Court-appointed interpreter Bea Rump; Assistant United States Attorney Jane Kirk represented the Government. Having considered the parties' submissions, the evidence presented and oral arguments, and for the reasons set forth below, the Court enters the following Order.

## I. FACTS

      Mr. Cisneros was indicted on October 15, 2003. He retained Mr. Santiago Juarez to represent him. Mr. Santiago testified that he engaged in plea negotiations with the Government on behalf of Mr. Cisneros. DEA Agent John Schrock testified that on March 2, 2006, Mr. Cisneros and his counsel, Mr. Juarez, attended a proffer interview. At that interview, Agent Schrock explained to Mr. Cisneros that he faced a term of imprisonment of over 20 years due to Mr. Cisneros' prior drug conviction. However, if Mr. Cisneros cooperated with the Government, Mr. Cisneros could face as little as 10 years taking into consideration

ORDER - 1

time served and good time. Mr. Juarez attended the bulk of this interview, but left shortly before it ended. Mr. Juarez did not attend the follow up interview, however, he testified that he made himself available by telephone. Both Agent Schrock and Mr. Juarez discussed the fact that the Government had a strong case against Mr. Cisneros; however, it is unclear the extent of the detail that they reviewed that evidence with Mr. Cisneros.

Though Mr. Juarez's records are incomplete, his testimony regarding conveying the plea agreement, the potential penalties, and the weight of evidence are corroborated by Agent Schrock's testimony. Mr. Juarez's communications with his client were less than ideal; however, there is no doubt that Mr. Cisneros learned of the plea offer and had sufficient information regarding the case to make an intelligent decision as to whether to accept it. The evidence suggested that Mr. Cisneros knew of the plea agreement, but rejected it because he felt that the plea offer was too high, because his sisters had received lower sentences than he was offered.

## II. DISCUSSION

Mr. Cisneros alleges that Mr. Juarez rendered ineffective assistance of counsel for two reasons: (1) Mr. Juarez failed to convey the Government's offer in a timely fashion; (2) Mr. Juarez's lack of communication with his client regarding the case, specifically the strength of the case and the potential penalties, made it impossible for Mr. Cisneros to make an intelligent decision regarding the plea offer. To prevail on an ineffective assistance of counsel claim Mr. Cisneros must show: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Failure to inform a defendant of a plea offer constitutes ineffective assistance of counsel. *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir. 1994). "The proof of each factor that must be established at a § 2255 evidentiary hearing into the validity of the petitioner's prior convictions must satisfy the

ORDER - 2

preponderance-of-the-evidence standard." *Farrow v. United States*, 580 F.2d 1339, 1355 (9th Cir. 1978)

Mr. Cisneros was adequately informed of the existence of a plea offer, the potential penalties, and the weight of evidence against him. Mr. Juarez engaged in back and forth plea negotiations with the Government. Mr. Juarez testified that he informed his client of the plea offer, but that Mr. Cisneros was reluctant to take a plea offer for more than five years. This claim is substantiated by the report issued by the mental health examiner on February 14, 2006. Though this report discusses negotiations occurring before the plea offer in question, the report reflects Mr. Cisneros' refusal to accept a plea term of as little as seven years. Mr. Cisneros attended interviews where he was informed of the potential penalties and was told of the benefits of cooperating with the Government. Mr. Juarez attended these interviews as well and informed Mr. Cisneros that the Government had a "strong circumstantial case." Regardless of whether Mr. Juarez discussed the potential penalties, Agent Schrock informed Mr. Cisneros of the potential penalties during the interview leaving no doubt that Mr. Cisneros was fully apprised of the penalties if he chose to go to trial.

## III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason may differ with the Court's conclusion that the Movant has failed to make a substantial showing of a denial of a constitutional right. Thus, a certificate of appealability should issue. Accordingly,

ORDER - 3

1   **IT IS ORDERED** that Mr. Cisneros' Petition to Vacate Judgment/Conviction/
2   Sentence, filed June 21, 2007, **Ct. Rec. 202**, is **DENIED WITH PREJUDICE**.
3   The District Court Executive is directed to:
4   • File this Order and provide copies to counsel;
5   • Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of
6     Appeal that a certificate of appealability is **GRANTED**; and
7   • **CLOSE** the corresponding civil file, CV-07-3043-WFN.
8   **DATED** this 22nd day of April, 2008.

            s/ Wm. Fremming Nielsen
            WM. FREMMING NIELSEN
04-21        SENIOR UNITED STATED DISTRICT JUDGE

ORDER - 4